

**FILED**
JUN 13 2016
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

LLOYD SHELTON,

    Plaintiff,

vs.

ANTHEM BLUE CROSS AND
BLUE SHIELD,

    Defendant.

Civ. No. 16-5047

**COMPLAINT**

Plaintiff Lloyd Shelton, through undersigned counsel, and for his cause of action against Anthem Blue Cross and Blue Shield, (hereinafter "Defendant"), states and alleges as follows:

## PARTIES

1. Plaintiff Lloyd Shelton is currently a citizen of the State of South Dakota and resides in the County of Pennington.

2. Defendant is incorporated or has its principal place of business in a state other than South Dakota.

## JURISDICTION

3. The amount in controversy exceeds $75,000.

4. Jurisdiction herein is based on 28 U.S.C. § 1332, Diversity of Citizenship.

## FACTS

5. Plaintiff Lloyd Shelton ("Plaintiff"), was injured while carrying boxes at work, at Xanterra Parks & Resorts, Inc. in Rapid City, Pennington County, South Dakota, on or about June 13, 2014.

6. Plaintiff suffered a sudden onset of right lower abdominal pain, which emanated from an abdominal wall hernia.

7. On August 13, 2014, Plaintiff underwent a repair of the abdominal wall hernia.

8. On August 15 and 17, 2014, Plaintiff underwent additional surgeries for postoperative wound infection and other complications resulting from the hernia repair surgery.

9. On or about January 20, 2015, Plaintiff received a letter denying worker's compensation coverage for his injury and care.

10. Defendant is a corporation engaged in the business of providing insurance, and was providing health insurance coverage to Plaintiff at all relevant times.

11. Defendant executed with Plaintiff a policy of health insurance, under which it agreed, for consideration therein, to insure the plaintiff for health expenses. The policy was in full force and effect on June 13, 2014.

12. Plaintiff never received any notice from Defendant stating that the above coverage had been altered or cancelled or that he was no longer insured.

13. Defendant received and was paid each and every premium due under the policy.

14. Defendant never terminated its coverage of Plaintiff at any time.

15. On May 7, 2015, Plaintiff submitted a claim to Defendant for the cost of his hospitalization and care with regard to his hernia repair surgery and postoperative complications, along with a copy of the denial of worker's compensation coverage.

16. On or about May 15, 2015, Plaintiff contacted Defendant and confirmed Defendant's receipt of his claim.

17. Defendant was unresponsive to Plaintiff's claim for months.

18. On January 15, 2016, Plaintiff's counsel wrote to Defendant to advise that Plaintiff had retained counsel, and to inquire as to why Plaintiff's claim was being denied. Defendant was reminded that worker's compensation coverage was denied to Plaintiff, and that Plaintiff had no other coverages besides his health insurance contract with Defendant.

19. Defendant refused to pay Plaintiff's claim for medical expenses.

20. On April 8, 2016, Plaintiff's counsel again sent the worker's compensation denial letter and a medical records release to Defendant, requesting Defendant's attention to Plaintiff's claim.

21. On May 2, 2016, Plaintiff's counsel again contacted Defendant, sending the denial letter and medical records release to various agents of Defendant, and requesting Defendant's attention to Plaintiff's claim.

22. On May 2, 2016, Defendant informed Plaintiff that his claim was incorrectly coded upon receipt by Defendant and that Defendant would correct the error and advance Plaintiff's claim.

23. On May 3, 2016, pursuant to Defendant's repeated request, Plaintiff's counsel again sent the worker's compensation denial letter and a medical records release to Defendant.

24. On May 17, 2016, Plaintiff's counsel contacted Defendant for the fifth time, requesting Defendant's attention to Plaintiff's claim.

25. On May 20, 2016, more than a year after Plaintiff's claim was submitted, Defendant informed Plaintiff that his claim was denied and to seek worker's compensation coverage for his hernia injury and care. Plaintiff's counsel requested that Defendant provide the basis for denial of Plaintiff's claim.

26. On June 1, 2016, Plaintiff's counsel again wrote to request the basis of Defendant's denial of Plaintiff's claim, and received no response.

27. To date, Defendant has failed to provide Plaintiff with the basis for its denial of Plaintiff's claim.

28. To date, Plaintiff has outstanding medical bills, from his hernia repair and postoperative care, in an approximate amount over $90,000.

29. Defendant has engaged in a deliberate pattern and practice of ignoring, delaying, and denying Plaintiff's claim under its policy of insurance.

30. Defendant deliberately failed to timely investigate or conduct reasonable inquiries that would establish coverage under its policy with Plaintiff.

31. Defendant unreasonably and fraudulently elevated its own interests above those of Plaintiff, did not promptly or in good faith pay the claim of its insured, wrongfully denied coverage, and failed to provide a basis for its denial, forcing Plaintiff to sue for the benefit to which he was entitled under his insurance contract.

32. Defendant acted in reckless disregard for its insured because it knew there was no reasonable basis for denial and deliberately handled

Plaintiff's claim in an attempt to avoid its responsibility to provide benefits according to the policy and South Dakota law.

33. Defendant caused Plaintiff financial loss, including wrongful denial of benefits under the policy, and emotional distress.

34. Defendant acted in accord with its standard practices, policies, and procedures, pursuant to a plan to unlawfully minimize claim payments, and thereby to unlawfully maximize its own profits, by not paying legitimate claims.

35. Plaintiff is entitled to an award of punitive damages as the only way to punish Defendant and deter Defendant from continuing to employ these methods against other insureds.

## COUNT I
## BREACH OF CONTRACT

36. Plaintiff reincorporates by reference the foregoing paragraphs.

37. At all times material, Plaintiff was a named insured under a policy of health insurance issued by Defendant.

38. Defendant was informed of Plaintiffs injury, treatment, and claim on or about April 2014, and Plaintiff otherwise fully cooperated with Defendant in connection with the claim.

39. Defendant failed its duty under the contract of insurance to fairly and adequately evaluate the claim and pay the full amount of damages owed its insured, and refused to offer a reasonable and good faith settlement, all in breach of its contract of insurance with Plaintiff.

## COUNT II
## BAD FAITH

40. Plaintiff reincorporates by reference the foregoing paragraphs.

41. Defendant tortiously failed to conduct a reasonable good faith investigation of Plaintiff's claim and instead set about to administer the claim in a manner calculated only to ignore, delay, and deny Plaintiff's claim and reduce Defendant's expenses.

42. Defendant either knew or should have known of the lack of reasonable basis for denial of benefits, and failed to provide a basis for denial.

43. Defendant also failed to give equal consideration to the interests of Plaintiff, ignored the facts that support his claim, and ignored law that requires payment of the claim.

44. Defendant's actions constitute bad faith, including but not limited to, the following:

   a. Defendant breached its duty to adjust Plaintiff's claim in good faith and to investigate every available source of information in pursuit of minimum facts necessary to support a denial of the claim;

   b. Defendant took actions which injured the Plaintiff's rights;

   c. Defendant failed to fulfill its continuing duty to investigate and evaluate Plaintiff's claim.

## COUNT III
## ATTORNEY'S FEES

45. Plaintiff reincorporates by reference the foregoing paragraphs.

46. The denial of full payment of benefits owed pursuant to Plaintiff's health insurance claim was made vexatiously and without reasonable cause, entitling Plaintiff to an award of attorney's fees incurred in an effort to secure Defendants' compliance with the terms of the policy coverage, pursuant to SDCL 58-12-3.

47. The acts herein complained of further constitute unfair trade practices in the business of insurance under SDCL 58-33-5 and SDCL 58-33-6, entitling Plaintiff to an award of attorney's fees pursuant to SDCL 58-33-46.1.

## COUNT IV
## PUNITIVE DAMAGES

48. Plaintiff reincorporates by reference the foregoing paragraphs.

49. Defendant acted with oppression, fraud, express and implied malice, and a reckless disregard for the interests and rights of Plaintiff by refusing to provide compensation benefits owed to Plaintiff, entitling Plaintiff to an award of punitive damages pursuant to SDCL 21-3-2.

50. Upon information and belief, Defendant engaged in a pattern and practice of acting in bad faith.

WHEREFORE, Plaintiff Lloyd Shelton prays for judgment against Defendant for all general compensatory, statutory, and punitive damages, all statutory and necessary costs, including but not limited to attorney's fees, expert witness fees, and all other and further relief as this Court shall deem proper and just.

### DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38, Plaintiff Lloyd Shelton hereby demands a trial by jury of any issue triable of right by jury.

Dated this 13 day of June, 2016.

BEARDSLEY, JENSEN & LEE, Prof. L.L.C.

By: /s/ Brad J. Lee
Brad J. Lee
*blee@blackhillslaw.com*
4200 Beach Drive, Suite 3
P.O. Box 9579
Rapid City, SD  57709
Telephone:  (605) 721-2800
Facsimile:  (605) 721-2801
*Attorneys for Plaintiff*
*Lloyd Shelton*